IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| LUVEN WHITEHORSE,<br><br>    Petitioner,<br><br><br><br><br><br>        vs.<br><br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | MEMORANDUM DECISION AND ORDER DISMISSING MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY<br><br><br><br>Case No. 2:12-CV-443 TS |

This matter is before the Court on Petitioner Luven Whitehorse's latest attempt to file a §

2255 Motion.  For substantially the same reasons stated previously, the Court finds Petitioner's

Motion to be an unauthorized second or successive § 2255 and it is not within the interests of

justice to transfer the Motion to the Tenth Circuit Court of Appeals.  Therefore, the Court will

dismiss this matter for lack of jurisdiction.

## I.  BACKGROUND

Petitioner was charged in a six-count Indictment with aggravated sexual abuse of a minor

in violation of 18 U.S.C. §§ 2241(c) and 1153(a) on April 24, 2004.  Petitioner pleaded guilty to

counts 2 and 4 of the Indictment on December 2, 2003.  On February 12, 2004, Petitioner was

sentenced to 188 months custody of the Bureau of Prisons.  Judgment was entered that same day.

Petitioner did not pursue direct appeal.  However, he has filed a number of Motions pursuant to

28 U.S.C. § 2255.

Petitioner filed his first § 2255 motion on March 18, 2005.[1]  That motion was denied as

being filed outside the statute of limitations on June 13, 2005.[2]  Petitioner did not appeal that

order.

Petitioner filed a second § 2255 motion on August 22, 2005.[3]  That motion was denied on

September 15, 2005, as being an unauthorized second or successive petition and was found to be

without merit.[4]  Petitioner again did not appeal that order.

Petitioner filed his third § 2255 motion on March 27, 2009.[5]  The Court found that

motion to be another second or successive motion and found that it was not in the interests of

justice to transfer the motion to the Tenth Circuit Court of Appeals.[6]  Therefore, the Court

---

[1]Docket No. 1 in Case No. 2:05-CV-234 PGC.

[2]Docket No. 3 in Case No. 2:05-CV-234 PGC.

[3]Docket No. 1 in Case No. 2:05-CV-702 PGC.

[4]Docket No. 2 in Case No. 2:05-CV-702 PGC.

[5]Docket No. 1 in Case No. 2:09-CV-273 TS.

[6]Docket No. 3 in Case No. 2:09-CV-273 TS.

dismissed the motion for lack of jurisdiction.[7]  Petitioner sought reconsideration and a certificate of appealability, both of which were denied.[8]

Petitioner appealed these decisions.  On November 27, 2009, the Tenth Circuit Court of Appeals denied Petitioner's application for a certificate of appealability and dismissed his appeal.[9]  The Tenth Circuit held that this Court's procedural ruling, finding it not in the interests of justice to transfer the case, was "undebatably correct."[10]

On March 20, 2012, Petitioner sought authorization from the Tenth Circuit to file a second or successive § 2255 motion.[11]  On March 26, 2012, the Tenth Circuit denied Petitioner's request for authorization.[12]  The court held that Petitioner had not cited a new rule of constitutional law and provided no newly discovered evidence.  Despite not receiving authorization from the Circuit Court, Petitioner filed the instant § 2255 Motion.

## II.  DISCUSSION

As was explained by the Court in a previous order, "[b]efore a federal prisoner may file a second or successive motion under § 2255, the prisoner must first obtain an order from the

---

[7] *Id.*

[8] Docket Nos. 5 and 11 in Case No. 2:09-CV-273 TS.

[9] *United States v. Whitehorse*, 354 F.App'x 317 (10th Cir. 2009).

[10] *Id.* at 318.

[11] Docket No. 15 in Case No. 2:09-CV-273 TS.  *See also In re Whitehorse*, Appellate Case No. 12-4050 (10th Cir. 2012).

[12] Docket No. 16 in Case No. 2:09-CV-273 TS.

appropriate court of appeals authorizing the district court to consider the motion."[13]  "A district court does not have jurisdiction to address the merits of a second or successive § 2255 . . . claim until [the appropriate court of appeals] has granted the required authorization."[14]  However, before transferring a second or successive motion under § 2255 to the appropriate court of appeals for authorization, the Court must consider whether it is in the interest of justice to do so.[15]

The Tenth Circuit has delineated factors a district court should consider in deciding whether it is in the interest of justice to transfer a second or successive § 2255 motion.  These factors include:

> whether the claims would be time barred if filed anew in the proper forum, whether the claims are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of the filing the court lacked the requisite jurisdiction.[16]

Considering these factors, the Court finds that it is not in the interest of justice to transfer Defendant's Motion and, as a result, the Court will dismiss the Motion for lack of jurisdiction.

First, Petitioner's claims would be barred if they were filed anew in the proper forum. The instant Motion was filed over eight years after Petitioner's conviction became final. Petitioner has provided nothing to suggest that the limitations period should be tolled.  Thus,

---

[13]*In re Cline*, 531 F.3d 1249, 1250 (10th Cir. 2008).

[14]*Id.* at 1251.

[15]*See* 28 U.S.C. § 1631.

[16]*In re Cline*, 531 F.3d at 1251.

Petitioner's claims would be barred by the one-year statute of limitations contained in 28 U.S.C. § 2255.

Second, Petitioner's claims are meritless.  Section 2255(h) requires a federal prisoner seeking authorization to file a second or successive petition to demonstrate that his proposed claims either depend on "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense"[17] or rely upon "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."[18]

In his Motion, Petitioner alleges that the Indictment against him was missing an essential element.  Petitioner made the same argument to the Tenth Circuit in requesting authorization to file a second or successive motion.  The Tenth Circuit held that this "is not the type of 'newly discovered evidence' of factual innocence required to satisfy § 2255(h)(1)."[19]  Petitioner does not point to any new rule of constitutional law in support of his Motion.  Therefore, his Motion fails under § 2255(h).

Finally, the Court finds that Petitioner's Motion was not filed in good faith.  Petitioner has now filed four § 2255 Motion.  He has been repeatedly informed of the requirement to obtain authorization before filing a second or successive § 2255 motion.  It appears that Petitioner even

---

[17]28 U.S.C. § 2255(h)(a).

[18]*Id*. § 2255(h)(b).

[19]Docket No. 16, at 2 in Case No. 2:09-CV-273 TS.

attempted to comply with that requirement here.  However, despite failing to receive the

necessary authorization from the Tenth Circuit, Petitioner filed the instant Motion.  Based on

Petitioner's history, the Court must conclude that the filing of the instant Motion was done in bad

faith.

### III.  CONCLUSION

Based on the above, the Court finds that it is not in the interest of justice to transfer

Petitioner's Motion.  It is therefore

ORDERED that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence by a

Person in Federal Custody (Docket No. 1 in Case No. 2:12-CV-443 TS) is DISMISSED for lack

of jurisdiction.  It is further

ORDERED that Petitioner's Motion to Withdraw All 28 U.S.C. § 2255 Filed Before

April 2, 2012 (Docket No. 2 in Case No. 2:12-CV-443 TS) is DENIED.

The Clerk of the Court is directed to close this case forthwith.

DATED   May 10, 2012.

BY THE COURT:

_____

TED STEWART
United States District Judge